Cristian M. Loga-Negru #647656
Racine Correctional Institution
P.O. Box 900
Sturtevant, WI 53177

Oct. 17, 2024

U.S. Court of Appeals for the Seventh Circuit
U.S. Courthouse
Room 2722
219 S. Dearborn Street
Chicago, IL 60604

RE: Lee v. Mlodzik Case 22-C-620-WCG; Appeal: 2018-AP-1741-CR

Dear Clerk:

    Attached there is information of interest regarding the cases above. Thank you.

    Cristian M. Loga-Negru.

Encl. Declaration in support of a counterclaim for properly supporting or addressing a fact.

| State ex rel. Chong L. Lee, (Appellant-Petitioner) | |
|---|---|
| v. | Originating Case: 22-C-620-WCG Appeal: 2018-AP-1741-CR |
| Brad Mlodzik, (Warden) Waupun Correctional Inst. John W. Kellis, (Attrney of Record) (Appellee(s)-Respondents | U.S.C.A. – 7th Circuit RECEIVED OCT 21 2024 |

DECLARATION IN SUPPORT OF A COUNTERCLAIM FOR
PROPERLY SUPPORTING OR ADDRESSING A FACT

   The undersigned, Cristian M. Loga-Negru, witnessed the disclosure of the following information that would assist the review of the above-captioned matter, pursuant to F.R.C.P. 56(c)(4) and (e). It is hereby attested that based on direct observations the following represent reliable assertions of fact.*

   Based on a conversation between the undersigned and "Lee" the Petitioner in the caption, an uncurable condition that the Petitioner labeled "cancer", afflicts the ability stated in the letter introduced during the trial proceedings, according to which the defendant possessed the dominant energy to "beat the case." From an inadvertant reading of the district judge's disposition, it appears that despite conditions represented by the habitat of Waupun Correctional Institution during the year 2023, and Lee's personal energy, he allegedly possesses the same individual resources to overcome the two claims raised in his habeas corpus petition: destruction of evidence, plus the ineffective assistance of counsel, deemed insufficiently addressed.

                          Governing Laws
   Where evidence offered is hearsay, only inquiry need be whether such assertions are covered by some exception to hearsay rule or whether utterances amenable to it are evidential in any indirect way apart from their assertive value. <u>Shannon v. Hoffman</u>, 42 N.W. 2d 268, 256 Wis. 593 (1950). The advent of treatment is the knowledge of nonverbal conduct, not hearsay, and an exception pursuant to Wis.Stat. § 908.03(3)(4). The district court judge would have been under the incidence of Wis.Stat. §910.08(3), which brings in HSU (the Health Services Unit) under review:
   "When the admissibility of other evidence of contents of writings recordings or photographs under chs. 901, to 911 depends upon the fulfillment of a condition of fact, the question of whether the condition has been fulfiled is ordinarily for the judge to determine. However, when any of the following issues is raised, the issue is for the trier of fact to determine as in the case of other issues of fact: (3) Whether other evidence of contents correctly reflects the contents."

---
*Most conversations with Lee took place in the library.